UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SAVANNAH MOTON** <br> 611 Highland Drive, Apt. 202 <br> Seattle, WA 98109 | : <br> : <br> : <br> : | Case No. 1:23-cv-703 <br><br> Judge |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| **AMER SPORTS WINTER & OUTDOOR COMPANY** <br> 130 E. Randolph St, Suite 600 <br> Chicago, IL 60601 | : <br> : <br> : <br> : <br> : | |
| Defendant. | : | |

## COMPLAINT AND JURY DEMAND

Plaintiff Savannah Moton, for her Complaint against Defendant, Amer Sports Winter & Outdoor Company ("Amer"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action arising out of Plaintiff Savannah Moton's employment with Amer. Ms. Moton alleges that she was a victim of discrimination and retaliation and was terminated because of her race.

2. Ms. Moton's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Ohio Civil Rights Act.

3. Ms. Moton seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both her economic and non-economic injuries. She also seeks punitive damages and equitable relief in the form of reinstatement or front pay, and an award of her reasonable attorney's fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by Title VII and 42 U.S.C. § 1981. This Court may assume supplemental jurisdiction over Ms. Moton's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as her federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## III. PARTIES

6. Plaintiff Savannah Moton is a United States citizen and a resident of Seattle Washington. Ms. Moton is African American. During the time relevant to this action, Ms. Moton resided in Cincinnati, Ohio.

7. Defendant Amer is a Delaware corporation that conducts business in the Southern District of Ohio. Amer is an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act.

## IV. ADMINISTRATIVE HISTORY

8. On December 12, 2022, Ms. Moton filed an administrative charge of discrimination and retaliation against Amer with the Equal Employment Opportunity Commission (473-2023-00481). She alleged that Amer discriminated against her because of her race and retaliated against her for protesting race discrimination in the workplace. The EEOC issued a Notice of Right to Sue on July 31, 2023. This action is brought within 90 days of receiving the right-to-sue notice.

## V. STATEMENT OF THE CASE

9. Amer hired Ms. Moton to work as a recruiter in November 2021.

10. Amer initially hired Ms. Moton to work remotely from her home in Cincinnati, Ohio, with the expectation that she would relocate to one of Amer's facilities in the Pacific Northwest in the future.

11. Due to ongoing COVID-19 protocols, the date for Ms. Moton to relocate was pushed back and she continued to work remotely from Cincinnati, Ohio.

12. Ms. Moton performed well in her position, hiring new employees at a rate equal to or greater than many of her peers who had been with the company for longer periods of time.

13. During the course of her employment, Ms. Moton asked her supervisor, Joel Brideau, about Amer's diversity and inclusion initiatives and how they may impact her recruiting efforts. Mr. Brideau responded that he was not a fan of diversity and inclusion and that, because she was primarily recruiting for positions in the Pacific Northwest, she should primarily hire white and Asian candidates.

14. Ms. Moton eventually moved forward with the plan to relocate to Seattle, Washington for her position.

15. On or about May 5, 2022, a relocation company Amer hired picked up Ms. Moton's personal belongings to ship them to Seattle. Ms. Moton remained in Cincinnati.

16. On or about May 6, 2022, Mr. Brideau met with Ms. Moton remotely and told her that she would no longer be recruiting for creative roles or marketing roles because she needed to work on her "soft skills."

17. Ms. Moton asked Mr. Brideau to provide examples of her lack of "soft skills." He was unable to provide any. She also reminded Mr. Brideau that her metrics were very good.

18. At the conclusion of the meeting, Ms. Moton informed Mr. Brideau that she believed the criticism of her work was unjustified and that she intended to file a discrimination complaint with the company.

19. On May 9, 2022, Ms. Moton notified Amer that she believed she was the victim of discrimination based on her race.

20. On May 11, 2022, Amer placed Ms. Moton on paid administrative leave while it investigated her allegations.

21. Also on May 11, 2022, the relocation company that picked up Ms. Moton's belongings notified her that Amer had canceled the transportation of her belongings and informed her that she would be required to pay the costs of the transportation.

22. On May 18, 2022, Amer informed Ms. Moton that it had concluded she was not the victim of discrimination and removed her from administrative leave.

23. At the same time, Amer informed Ms. Moton that she would be reporting to a new manager.

24. Thereafter, Amer assigned Ms. Moton to begin recruiting for IT positions and assigned her a significant number of new open positions to fill.

25. On June 15, 2022, during a meeting with her new supervisor and a human resources representative, Amer informed Ms. Moton that it was terminating her employment. Ms. Moton asked for a reason and was told that the reason would be contained in a letter Amer would send her the next day.

26. Ms. Moton later received a letter, but it did not state a reason for Amer's decision to terminate her employment.

27. Amer terminated Ms. Moton because of her race and in retaliation for protesting acts of race discrimination in the workplace.

28. As a direct and proximate result of Amer's actions, Ms. Moton has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to her professional reputation.

## VI. STATEMENT OF CLAIMS

### Count 1: Race Discrimination
### 42 U.S.C. § 2000e, 42 U.S.C. § 1981, & Ohio Rev. Code § 4112

29. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

30. Ms. Moton is African American.

31. Ms. Moton was qualified for the position of recruiter.

32. Amer terminated Ms. Moton.

33. Similarly-situated white employees were not terminated or transferred.

34. As a result of the Defendant's actions, Ms. Moton suffered damages, including lost wages and emotional distress.

35. Amer acted with malice.

### Count 2: Retaliation
### 42 U.S.C. § 2000e, 42 U.S.C. § 1981, & Ohio Rev. Code § 4112

36. Plaintiff incorporates the previous paragraphs as if fully rewritten herein.

37. Ms. Moton engaged in protected activity when she opposed race discrimination.

38. Amer was aware of Ms. Moton's protected activity.

39. Amer took adverse action against Ms. Moton after she raised concerns that she was being subject to race discrimination.

5

40. There is a causal connection between Ms. Moton's complaints of racial discrimination and the adverse action Amer took against her.

41. Amer's stated reasons for terminating Ms. Moton are pretext for illegal retaliation.

42. As a result of Amer's actions, Ms. Moton suffered damages, including lost wages and emotional distress.

43. Amer acted with malice.

**PRAYER FOR RELIEF**

Wherefore, Ms. Moton demands judgment against Amer as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Moton in an amount to be determined at trial;

2. An award of compensatory damages for all non-economic damages suffered by Ms. Moton in an amount to be determined at trial;

3. For an order reinstating Ms. Moton to her previous position at Amer, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

4. For an award of punitive damages in an amount to be determined at trial;

5. For an award of Ms. Moton's reasonable attorney fees and costs;

6. For an award of any other relief in law or equity to which Ms. Moton is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com

*Counsel for Plaintiff Savannah Moton*

## JURY DEMAND

Plaintiff Savannah Moton demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)

7